Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ANGELA LEVAN, an Individual,<br><br>               Plaintiff,<br><br>    v.<br><br>PORTLAND PUBLIC SCHOOL DISTICT, a public school district,<br><br><br>               Defendant. | Case No.<br><br>COMPLAINT FOR DAMAGES **(EMPLOYMENT DISCRIMINATION)**<br><br>Prayer: $48,000.00<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>JURY TRIAL REQUESTED |

COMES NOW, Plaintiff Angela LeVan, through counsel, and files this Complaint for Damages against the above-named Defendant. Plaintiff alleges as follows:

**JURISDICTION, VENUE, AND PARTIES**

1.

Venue for this action is proper in the District of Oregon. The Plaintiff, Angela LeVan, lives in the State of Washington. Defendant is a public school district with more than 500 employees that does regular, sustained business activity in the State of Oregon. Plaintiff exhausted her administrative remedies through the U.S. Equal Employment Opportunity Commission and

Page 1 – COMPLAINT FOR DAMAGES

received right-to-sue letters for Defendant on or about September 27, 2023, regarding her Title VII claims.

2.

At all times material to this Complaint, Plaintiff was a resident of Washington and worked in Portland, Oregon.

3.

At all times material to this Complaint, Defendant Portland Public School District (PPS), is a public entity located in Portland, Oregon.

4.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal and state law.

**STATEMENT OF FACTS**

5.

The COVID-19 pandemic manifested in Oregon in late February of 2020. The pandemic immediately represented a dramatic event in the lives of every Oregon resident, but particularly individuals who worked closely with large numbers of people, such as schoolteachers. Plaintiff was exposed to the harsh realities of the pandemic on a daily basis, including the risk that she may get infected with the virus.

6.

At the time material to this Complaint, Plaintiff had worked for eighteen years as a teacher with the school district, where she consistently received exemplary reviews. At the time of her termination, Plaintiff made approximately $93,589.00 annually, with a generous benefits package.

7.

Page 2 –COMPLAINT FOR DAMAGES

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

In the summer of 2021, Defendant announced its mandatory COVID-19 policy. Employees such as Plaintiff were allowed to apply for religious and/or medical exceptions to the vaccine mandate.  On or about August 27, 2021, Plaintiff applied for a religious exception from the vaccine based on her sincerely held Christian religious beliefs. PPS repeatedly asked Plaintiff to provide an explanation of her beliefs. Plaintiff submitted the forms, answered follow up questions and either did not receive timely responses, or no response at all. After submitting the forms when asked, Plaintiff was informed she was being placed on unpaid leave as the district did not receive a form, which she had, in fact, submitted. Two weeks later, after a hearing, Plaintiff was given her job back, but by that time her position had been filled.

8.

Plaintiff was caused additional harm by Defendant placing Plaintiff on unpaid leave at the same time of the vaccine requirement, as Plaintiff's personal information regarding the vaccine became public in her workplace. She suffered emotional stress and social stigma, including harassment and discrimination. Plaintiff suffered anxiety, depression, trauma from her confidential information being shared, and the shaming, gossip and ostracization that resulted, which affected her relationship with the community, and harmed her career.

9.

Plaintiff applied for and received Family Medical Leave (FMLA) from her position with Defendant, due to severe PTSD, anxiety, and depression. Plaintiff has subsequently gained employment with two other school districts, both of which approved her religious exception without question.

10.

The Defendant has yet to explain why, after being able to work without incident during the pandemic, Plaintiff's unvaccinated status suddenly created an unacceptable health and safety risk necessitating her being place on unpaid leave and effectively terminated.

11.

Upon information and belief, the Defendant's discriminatory actions against Plaintiff were not to protect against an unacceptable health and safety risk. Instead, those actions were discriminatory against Plaintiff based on her sincerely held religious beliefs and an unacceptable retaliation for expressing those beliefs. There were reasonable accommodations available to the Defendant that would not have caused an undue burden on the Defendant.

12.

Because of the Defendant's unlawful actions against Plaintiff, Plaintiff has suffered economic loss and severe emotional distress. She has also been ostracized and stigmatized unfairly for her religious convictions.

## FIRST CLAIM FOR RELIEF

### (Unlawful Employment Discrimination Based on Religion

### in Contravention of Or. Rev. Stat. § 659A.030)

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

13.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenants of Christianity.

14.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

15.

The Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs that prevented her from taking the COVID-19 vaccine. It would not have been an undue hardship to have allowed Plaintiff to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

16.

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

Instead of finding reasonable accommodation or set of accommodations for her religious beliefs, the Defendant engaged in a series of adverse actions culminating in Plaintiff's unlawful effective termination. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

17.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiff has been damaged in an amount of no less than $48,000.00 in economic damages, or a different amount to be determined at trial, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

## SECOND CLAIM FOR RELIEF

### (Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act –

### 42 U.S.C. §2000e et seq.)

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

18.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenants of Christianity.

19.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

20.

The Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs that prevented her from being able to take the COVID-19 vaccine. It would not have been an undue hardship to have allowed Plaintiff to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years

before the imposition of the COVID-19 vaccine mandate.

21.

Instead of finding reasonable accommodation or set of accommodations for her religious beliefs, the Defendant engaged in a series of adverse actions culminating in Plaintiff's unlawful termination. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

22.

As a result of Defendant's unlawful discrimination, Plaintiff has been damaged in an amount to be determined at trial, but that exceeds $48,000.00, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages and attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant and seeks the following relief:

1. A judgment in favor of Plaintiff and against Defendant on both claims in an amount to be determined at trial but exceeding $48,000.00.

2. Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.

3. Plaintiff's reasonable attorney fees, costs, and prevailing party fees.

4. Any other relief as the Court deems just and equitable.

DATED this 13th day of November, 2023.

JANZEN LEGAL SERVICES, LLC

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
caroline@ruggedlaw.com
Attorney for the Plaintiff

Page 6 –COMPLAINT FOR DAMAGES

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999